_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

APR 09 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR24-209 JLR |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| SAMUEL N. REZENE, | |
| Defendant. | |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorneys Todd Greenberg and Stephen P. Hobbs of the Western District of Washington, and SAMUEL N. REZENE and his attorney David Hammerstad, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), as charged in Count 1 of the Indictment.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense**. The elements of the of *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), as charged in Count 1 of the Indictment, are as follows:

> *First*, the Defendant knowingly possessed a firearm;
>
> *Second*, the firearm had been shipped and transported in interstate and foreign commerce; and
>
> *Third*, the Defendant knew at the time that he possessed the firearm that he had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), as charged in Count 1 of the Indictment, are as follows: A maximum term of imprisonment of 15 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Rezene*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4.      **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

Plea Agreement - 3
*United States v. Rezene*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      d.    The right to be presumed innocent until guilt has been established

2  beyond a reasonable doubt at trial;

3      e.    The right to confront and cross-examine witnesses against Defendant

4  at trial;

5      f.    The right to compel or subpoena witnesses to appear on Defendant's

6  behalf at trial;

7      g.    The right to testify or to remain silent at trial, at which trial such

8  silence could not be used against Defendant; and

9      h.    The right to appeal a finding of guilt or any pretrial rulings.

10   **6.    United States Sentencing Guidelines**.  Defendant understands and

11  acknowledges that the Court must consider the sentencing range calculated under the

12  United States Sentencing Guidelines and possible departures under the Sentencing

13  Guidelines together with the other factors set forth in Title 18, United States Code,

14  Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the

15  history and characteristics of Defendant; (3) the need for the sentence to reflect the

16  seriousness of the offense(s), to promote respect for the law, and to provide just

17  punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

18  to criminal conduct; (5) the need for the sentence to protect the public from further

19  crimes of Defendant; (6) the need to provide Defendant with educational and vocational

20  training, medical care, or other correctional treatment in the most effective manner; (7)

21  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

22  need to avoid unwarranted sentence disparity among defendants involved in similar

23  conduct who have similar records. Accordingly, Defendant understands and

24  acknowledges that:

25  //

26  //

27  //

Plea Agreement - 4
*United States v. Rezene*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    a. The Court will determine Defendant's Sentencing Guidelines range

2 at the time of sentencing;

3    b. After consideration of the Sentencing Guidelines and the factors in

4 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

5 maximum term authorized by law;

6    c. The Court is not bound by any recommendation regarding the

7 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

8 range offered by the parties or the United States Probation Department, or by any

9 stipulations or agreements between the parties in this Plea Agreement; and

10    d. Defendant may not withdraw a guilty plea solely because of the

11 sentence imposed by the Court.

12  **7.** **Ultimate Sentence**. Defendant acknowledges that no one has promised or

13 guaranteed what sentence the Court will impose.

14  **8.** **Statement of Facts**. The parties agree on the following facts. Defendant

15 admits Defendant is guilty of the charged offenses:

On October 31, 2023, at approximately 12:45 a.m., there was an accident at North 105th Street and Aurora Avenue North in Seattle, Washington involving a white GMC Yukon registered to Samuel Rezene' parents. SPD officers arrested Rezene shortly thereafter approximately one-quarter mile away. Rezene's parents told police officers that they lent the vehicle to Rezene approximately an hour before the accident.

Officers at the accident scene arranged for the Yukon to be towed and observed a Glock 19 9mm semi-automatic pistol in plain view on the driver's floorboard of the vehicle. They ultimately obtained a search warrant and seized the firearm. The firearm was fully loaded with a round in the chamber. Rezene's DNA was found on the magazine of the firearm. Defendant admits that he knowingly possessed the firearm, and that the firearm was not manufactured in the State of Washington and therefore had traveled in interstate and/or foreign commerce.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rezene knew that he had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, including: *Unlawful Possession of a Firearm*, in the United States District Court for the Western District of Washington, in case number CR16-185 JLR, on or about September 12, 2017.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 14, pursuant to USSG § 2K2.1(a)(6).

b.    At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), a two-level downward adjustment.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Sentencing Recommendation**. The government agrees to recommend a sentence at the high end of the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Defendant is free to recommend any sentence. The parties further agree to jointly recommend that the Court run 12 months of the 24-month sentence Defendant is currently serving in case CR16-185 concurrent with the sentence in the instant case.

Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11.     **Abandonment of Firearms, Ammunition, and Contraband.**  Defendant also agrees that, if any law enforcement agency seized any firearms, ammunition, or illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that property and contraband.

12.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

13.     **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

14.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**15.    Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**16.    Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 9
*United States v. Rezene*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.    **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9th day of April, 2025.


SAMUEL N. REZENE
Defendant


DAVID HAMMERSTAD
Attorneys for Defendant


TODD GREENBERG
STEPHEN P. HOBBS
Assistant United States Attorneys

Plea Agreement - 10
*United States v. Rezene*